UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHANLING SHUI,

                      Plaintiff,                      20-cv-7298 (PKC)

     -against-

                                                      ORDER

PRODIGY NETWORK, LLC, et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).  An action premised upon diversity of citizenship in which a limited liability company is a party must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

        "The rule of complete diversity—that no plaintiff and no defendant may be a citizen of the same state—applies to alienage cases as well as to ordinary diversity cases." F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co., 882 F.2d 281, 284 (7th Cir.

1989) (citing Newman–Green, Inc. v. Alfonzo–Larrain, 109 S. Ct. 2218, 2221 (1989)).  And, "the presence of aliens on two sides of a case destroys diversity jurisdiction," just like the presence of two citizens of the same state.  Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980).

Here, the Complaint premises federal jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, and states that plaintiff is a citizen of the People's Republic of China.  The Complaint fails to allege the citizenship of the constituent members (persons and entities) of the two defendant limited liability companies, Prodigy Network, LLC and Prodigy Shorewood Domestic Feeder REP Fund, LLC.  Instead, the Complaint merely alleges that each limited liability company is organized under Delaware law and that none of the members are citizens of the People's Republic of China.  However, if one of the members of the defendant limited liability companies is an alien or foreign citizen of any country, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction.  See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [28 U.S.C. § 1332(a)(2) and (a)(3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

With 14 days of this Order, plaintiff shall serve limited interrogatories upon the two defendant limited liability companies seeking the citizenship of their members.  Plaintiff shall amend its Complaint within 30 days or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        September 10, 2020