UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHANLING SHUI,

                           Plaintiff,                        20-cv-7298 (PKC)

        -against-                        ORDER


PRODIGY NETWORK, LLC, and PRODIGY
SHOREWOOD DOMESTIC FEEDER REP
FUND, LLC, and 17 JOHN PREFERRED, INC,
and PN NEWCO, INC, and 84 WILLIAM
STREET NEWCO, INC,

                           Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff Shanling Shui moves for the entry of a default judgment against

defendants Prodigy Shorewood Domestic Feeder REP Fund, LLC, 17 John Preferred, Inc., PN

NewCo, Inc., and 84 William Street NewCo, Inc. (collectively, the "defendants") and award of

damages.  (Doc 42).[1]

          On September 8, 2020, Shui filed the complaint in this Action.  (Doc 26).  The

Complaint brings claims for breach of contract, unjust enrichment, breach of fiduciary duty and

equitable relief.  The underlying allegations relate to a series of real estate investments that Shui

made in entities managed by defendant Prodigy Network, LLC, who has become insolvent and

failed to make payments to Shui under the terms of the relevant investment agreements.

          The complaint premised subject matter jurisdiction on diversity of citizenship but

only alleged that each limited liability company was organized under Delaware law and that

---

[1] Shui does not seek a default judgment against defendant Prodigy Network, LLC due to it recently having filed for
bankruptcy in the District of Delaware.

none of the members were citizens of the People's Republic of China ("PRC").  Upon reviewing

the complaint, the Court issued an Order noting that it did not identify the states of citizenship

for the members of the two defendant limited liability companies.  (Doc 15).  The Court noted

that because Shui was alleged to be a citizen of the PRC, "if one of the members of the defendant

limited liability companies is an alien or foreign citizen of any country, then there would be

aliens on two sides of the case and the Court would not have diversity jurisdiction." (Doc 15 at 2

(citing Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002)).

The Court directed Shui to serve interrogatories upon these two defendants seeking the

citizenship of their members, and to file an amended complaint identifying the citizenship of the

members of each LLC.

On October 30, 2020, Shui filed an amended complaint (the "Complaint").  (Doc

26).  Shui effectuated service of process on November 9, 2020 through personal service on

defendants' registered agent.  (Docs 16–19).  No defendants answered the complaint or appeared

at the November 19, 2020 initial pre-trial conference, and the Clerk issued a Certificate of

Default on December 10, 2020.  (Doc 36).  On February 1, 2021, Shui filed a motion for a

default judgment, which the Court denied for Shui's failure to mail the motion to defendants

against whom a default judgment was sought.  Local Rule 55.2(c).  Shui filed a renewed motion

for default judgment on April 20, 2021 (Doc 42), and filed a certificate of service affirming that

her current motion was mailed to defendants at their last known business addresses and

providing proof of mailing.  (Doc 43).

The Complaint asserts subject matter jurisdiction based on diversity of

citizenship.  Shui is alleged to be a citizen of the PRC.  (Compl. ¶ 2).  The incorporated

defendants, 17 John Preferred, Inc., PN NewCo, Inc. and 84 William Street NewCo, Inc. are all

alleged to be Delaware corporations with principal places of business in New York.  (Compl. ¶¶ 5–7).  The LLC defendants, Prodigy Network, LLC and Prodigy Shorewood Domestic Feeder REP Fund, LLC, are alleged "[u]pon information and belief, and a review of publicly available records," to have no members that are foreign citizens or citizens of the People's Republic of China.  (Compl. ¶¶ 3–4).

As the Court noted in its Order of September 10, 2020, federal courts have limited subject matter jurisdiction.  Gunn v. Minton, 568 U.S. 251, 256 (2013).  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists."  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quotation marks omitted).  Even where a defendant may be in default, the plaintiff "must submit information on the citizenship of the members of both parties."  INTL Hanley, LLC v. Frangos Pioneiro Industriae Comercio de Alimentos LTDA, 2013 WL 2382288, at *1 (S.D.N.Y. May 23, 2013) (denying motion for entry of default judgment and dismissing complaint when plaintiff failed to allege citizenship of either plaintiff or defendant) (Cederbaum, J.); see also Delmar Publishers v. Autolink.com LLC, 2000 WL 1823817, at *1 (S.D.N.Y. Dec. 11, 2000) (Kaplan, J.) (holding motion for entry of default judgment in abeyance where "the complaint does not adequately allege the existence of subject matter jurisdiction because it does not allege the location of the principal place of business of the defendant and fails entirely to allege the citizenship of the defendant.").

Shui has not met her burden of establishing subject matter jurisdiction.  Shui does not identify any supporting facts, other than that she reviewed publicly available information, for her allegations made on information and belief that the two LLC defendants do not have members who are foreign citizens.  It further does not specifically allege the citizenship of the LLC defendants' members; instead merely alleging that each LLC is organized under Delaware

Law and that none of their members are foreign citizens.  Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 60 (2d Cir. 2016) (stating that for purposes of diversity jurisdiction "the Complaint is deficient because it contains no allegation as to the identity or citizenship [the LLC's] members."); Prospect Funding Holdings, LLC v. Fennell, 15 Civ. 4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015) ("Stating merely that the party is not a citizen of his adversaries' states of citizenship leaves open the prospect that he is not a citizen of any state: he could be a U.S. citizen domiciled abroad.  If so, he could neither sue nor be sued under Section 1332(a)(1)'s requirement for diversity between citizens of different States."); In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the Financial Advisors' members . . . they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship."); see also United States Liability Insurance Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases).

The Court is sympathetic to the plight of a plaintiff that is unable to identify the citizenship of a defendant based on the defendant's default or recalcitrance.  But if the Court were to enter judgment in a case over which it lacks subject matter jurisdiction, the judgment would be unenforceable.  See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (the principle that a complaint's well-pleaded allegations are accepted as true for the purposes of a motion for default judgment "has no bearing on an inquiry into whether the default judgment itself is void for lack of subject matter jurisdiction.").  Moreover, Shui has the option of proceeding with its claim in state court.

CONCLUSION

Because Shui has not demonstrated that there is subject matter jurisdiction, her motion for entry of default judgment is DENIED.  (Doc. 42).  Shui is directed to submit a letter within 14 days of this Order stating whether she will voluntary dismiss the two LLC defendants, Network, LLC and Prodigy Shorewood Domestic Feeder REP Fund, LLC, and renew her default judgment motion against the other defendants, or the action will be dismissed for lack of subject matter jurisdiction.[2]  The Clerk is directed to terminate the motion.  (Doc 42)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 29, 2021

---

[2] Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) ("[It] is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 390 (2d Cir. 2021) ("Even if complete diversity – and thus jurisdiction – is lacking at a case's inception, rather than dismiss the case as a nullity, the court may drop any dispensable parties that are obnoxious to its jurisdiction.").